■ NICHOLAS F. LOPES et al., Respondents, v FIRE BOARD OF APPEALS OF THE TOWN OF CLARKSTOWN et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Fire Board of Appeals of the Town of Clarkstown, dated November 12, 1975, which, after a hearing, denied petitioners' application for permission to obtain a certificate of occupancy without connecting their early warning fire detection system to the "Rockland County Fire Control Center, 44-Control", the appeal is from a judgment of the Supreme Court, Rockland County, dated May 10, 1976, which annulled the determination and directed that the certificate of occupancy be issued. Judgment affirmed, with costs. The judgment appealed from is predicated upon a sound decision of Special Term, with which we agree. Appellants have failed to make any argument in this court regarding the reasoning which underlies Special Term's decision and have not shown that the decision was erroneous. The argument made concerns itself with general principles of law, is not addressed to the issues herein presented, and does not warrant a reversal. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

■ ANNE MANOS, Plaintiff, v JAMES MANOS, Respondent. GRID REALTY CORP., Appellant; MICHAEL P. SENIUK, as Sheriff of the County of Nassau, Respondent.—Appeal from an order of the Supreme Court, Nassau County, entered December 3, 1976 which, after a hearing, *inter alia,* granted the motion of defendant James Manos to vacate and set aside a Sheriff's execution sale. Order reversed, with one bill of costs payable by defendant Manos to appellant Grid Realty Corp., and motion denied in its entirety. The findings of fact are affirmed. While we agree with the Trial Term that there was an irregularity, and that such irregularity might have acted to substantially prejudice defendant Manos (see CPLR 2003), he should not be permitted to sit by with his attorney, who was admittedly familiar with the custom complained of, to await the results of the sale before raising objection. (We note that the firm appearing of counsel to respondent Manos on this appeal did not represent him at the time of the Sheriff's sale.) Further, we have reviewed the grounds asserted by the defendant for the setting aside of the sale which were not passed upon by Mr. Justice Di Paola at Trial Term, and find them to be without merit. The court is of the opinion that the practice heretofore pursued by the Sheriff is irregular and should be discontinued. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.